IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SONJA THERESE BROWN** **PLAINTIFF**

V. CIVIL ACTION NO. 3:24cv359-MPM-RP

**HERNANDO MUNICIPAL COURT, et al.** **DEFENDANTS**

## ORDER

This matter is before the court on the *pro se* plaintiff Sonja Therese Brown's "Motion to Remove or Disqualify Magistrate Judge and Strike or Vacate Orders Two Complaints." ECF 28. In support, the plaintiff states, "From the very beginning of this complaint I felt I was a victim of bias from this court." As to the undersigned magistrate judge, the plaintiff alleges that he is biased against her and should recuse himself from this case because he denied her motion for permission to file documents electronically in this case. ECF 28. The court finds that the plaintiff's motion is not well taken and should be denied.

The statutes for deciding whether recusal is appropriate for a federal judge are 28 U.S.C.A. § 455, and 28 U.S.C. § 144, which use the same standard, namely, "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986)). However, "the reasonable person standard in the recusal context contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" *Trevino v. Johnson*, 168 F.3d 173, 179 (5th Cir. 1999) (internal citations omitted).

A litigant's request for a judge's recusal must be supported by facts and reasons for the

claim that bias or prejudice exists, and vague or unsupported allegations do not suffice. *Chitamacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1167 (5th Cir. 1982). Likewise, "conclusions, rumors, beliefs, and opinions are not sufficient." *Reeves v. Wells Fargo Home Mortgage*, No. EP-10-CV-00240-KC, 2012 WL 12877661, *3 (W.D. Tex. Oct. 3, 2012) (quoting *Hinnman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).

Further, "a motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case ..." *Phillips v. Joint Legislative Committee on Performance & Expenditure Review*, 637 F.2d 1014, 1020 (5th Cir.1981). A judge's adverse ruling, even when later reversed or vacated on appeal, does not by itself constitute grounds for recusal. *Garcia v. Woman's Hospital of Texas*, 143 F.3d 227 (5th Cir. 1998). Adverse judicial rulings will only support a claim of bias if they reveal an opinion based on an extrajudicial source – or if they demonstrate such a high degree of animosity as to make fair judgment impossible. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). "Judicial rulings, by themselves will 'almost never' rise to the level of personal bias that makes fair judgment impossible." *Reeves,* 2012 WL 12877661, *3 (quoting *Liteky*, 510 U.S. at 555).

In the present case, the judge's denial of the plaintiff's motion to file documents electronically shows no bias and simply follows the court's Administrative Procedures for Electronic Case Filing, under which only registered attorneys may file documents electronically. The order denying the plaintiff's motion notes that she is not required to hand deliver her documents for filing as she apparently believes, and that she may mail her filings to the clerk. The plaintiff has been treated no differently than any other non-attorney who has requested permission to file documents electronically.

The plaintiff's motion is without merit and is DENIED.

2

SO ORDERED, this the 8th day of April, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE